# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNITE HERE PENSION FUND,<br><br>    Petitioner/Cross-Respondent,<br><br>vs.<br><br><br>CHARLES YIP and SILVIA QUINTERO,<br><br>    Respondents/Cross-Petitioners. | CASE NOS. 07CV2261 JLS (JMA) & 07CV2262 JLS (JMA)<br><br>**ORDER (1) GRANTING RESPONDENTS' MOTION TO CONSOLIDATE, (2) GRANTING RESPONDENTS' PETITIONS TO ENFORCE THE ARBITRATION AWARD, and (3) DENYING PETITIONER'S PETITIONS TO VACATE ARBITRATION AWARD**<br><br>(Doc. Nos. 1 & 5 in 07cv2261; Doc. Nos. 1 & 4 in 07cv2262) |

Presently before the Court is San Diego Unite Here Pension Fund's ("SDUHPF") petitions to vacate arbitration awards in favor of Charles Yip and Silvia Quintero (together, "respondents") (Doc. No. 1 in 07CV2261; Doc. No. 1 in 07CV2262). Also presently before the Court are respondents' cross-petitions to enforce the awards and motions to consolidate respondents' cases. (Doc. No. 5 in 07CV2261; Doc. No. 4 in 07CV2262.[1] For the following reasons, the Court **CONSOLIDATES** the cases, **ENFORCES** the arbitration award, and **DENIES** the petitions to vacate.

//

//

---

[1] Except for respondents' names and minor details, the petitions and briefs are virtually identical in both cases. Therefore, in this Order, rather than cite to two nearly identical documents, the Court will cite only to documents pertaining to 07CV2261.

## BACKGROUND

**A.    FACTUAL BACKGROUND**

Since 1976, respondents have worked in San Diego area hotels pursuant to SDUHPF's collective bargaining agreement. (Pet. To Vacate, Ex. E, at 2:24-27.) On July 1, 2006, respondents separately applied for a service pension benefit. (Id.) On August 22, 2006, SDUHPF's Trustees denied both applications. (Id. at 3:1-5.) In denying the applications, the Trustees found that, because Yip and Quintero neither had severed their employment nor were eligible for retirement, they did not meet the definition of a "Retired Employee." (Id.) While the Trustees were reviewing the applications, Yip submitted letters demonstrating that SDUHPF had granted service pensions to at least twenty-two other similarly situated employees without a severance of employment. (Pet. to Enforce, at 4:14-19; Reply, at 5:27-6:1.) Upon denial of their applications, both Yip and Quintero requested an appeal before the Trustees. (Pet. To Vacate, Ex. E, 3:10-16.) On appeal, Yip and Quintero argued that the plain language of the pension plan and SDUHPF's past practices demonstrated that employment severance was not a necessary precondition to the receipt of service pensions. (Pet. to Enforce, at 3-4.) On October 25, 2006, the Trustees affirmed the denial of Yip and Quintero's applications. (Pet. to Vacate, Ex. E, at 3:10-16.)

Yip and Quintero timely appealed the denial of benefits to arbitration pursuant to § 10.02 of the pension plan. (Pet. To Enforce, at 4:5 & Exhibit B.) By agreement of the parties, the arbitrator heard both appeals jointly. (Id. at 4:7-8.) Three issues were submitted to the Arbitrator: (1) whether the Trustees were in error upon an issue of law; (2) whether they acted arbitrarily or capriciously in the exercise of their discretion; and (3) whether substantial evidence supported their findings. (Pet. to Vacate, Ex. D.)

On August 29, 2007, the Arbitrator found the Trustees acted arbitrarily and capriciously and ordered SDUHPF to grant respondents service pensions without employment severance. (Id.) The arbitrator reasoned that the Trustees failed to investigate proffered evidence, ignored ambiguities in the rules, and instituted new rules that treated similar employees disparately. (Id.)

**B.    PROCEDURAL BACKGROUND**

On November 30, 2007, SDUHPF filed a petition to vacate the arbitration award. (Doc. No.

1.) On January 4, 2008, respondents filed a joint motion to enforce the award and consolidate the cases and a brief opposing the motion to vacate. (Doc. No. 5.) SDUHPF filed its reply on February 19, 2008. (Doc. No. 8.)

SDUHPF bases its petition to vacate on two grounds: the Arbitrator exceeded the bounds of his authority by (1) manifestly disregarding the law and (2) considering matters not submitted for arbitration.

## DISCUSSION

**A.    CONSOLIDATION OF CLAIMS**

Rule 42 permits the consolidation of claims and issues which share common aspects of law or fact. Fed. R. Civ. P. 42(a). Ultimately, the decision whether to consolidate rests in the Court's sound discretion. Investors Research Co. v. United States Dist. Ct., 877 F.2d 777, 777 (9th Cir. 1989). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." Sw. Marine, Inc. v. Triple A Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Here, Yip and Quintero share multiple common aspects of law and fact. Both participated in the same pension fund and were denied benefits by SDUHPF. (Pet. To Enforce ¶ 1.) Both have thirty years of qualified service under the plan. (Id.) Both appealed SDUHPF's denial on the grounds that SDUHPF illegitimately required employment severance. (Id.) The Arbitrator handled both appeals jointly. (Id.) The arbitration awards and SDUHPF's petitions to vacate are identical with regard to both respondents. (Id.) Consolidation clearly serves judicial economy, and since SDUHPF's arguments are identical for both claimants, there is little potential for confusion or prejudice. Accordingly, the motion to consolidate is hereby granted.

**B.    MANIFEST DISREGARD OF LAW**

**1.    Legal Standard**

Recently, the Supreme Court has once again upheld Congress's intention to limit judicial review of arbitration awards. Hall St. Assocs. v. Mattel, Inc., 128 S. Ct. 1396 (2008). The Court recognized a "national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." Id. at 1405. This limited review

ensures that arbitration "respond[s] to the wishes of the parties more flexibly and expeditiously than the federal courts' uniform rules of procedure allow." Kyocera Corp. v. Prudential-Bache Trade Services, Inc., 341 F.3d 987, 998 (9th Cir. 2003). Notwithstanding this limited review, a federal district court may vacate the award, inter alia, "[w]here the arbitrators exceeded their powers[.]" 9 U.S.C. § 10(a)(4). Arbitrators exceed their powers when the award "'evidences a manifest disregard for law.'" A.G.Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401, 1403 (9th Cir. 1992) (quoting Todd Shipyards Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1060 (9th Cir. 1991)).

However, "manifest disregard for the law means something more than just an error in the law[.]" Luong v. Circuit City Stores, Inc., 368 F.3d 1109, 1112 (9th Cir. 2004). Mere ambiguity in the arbitrator's opinion is likewise insufficient for a finding of manifest disregard. Sheet Metal Workers Int'l Ass'n, Local No. 359, AFL-CIO v. Ariz. Mech. & Stainless, Inc., 863 F.2d 647, 653 (9th Cir. 1988). Arbitrators are under no obligation to give reasons for an award. United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960); Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, 886 F.2d 1200, 1206 (9th Cir. 1989); Brayton Purcell LLP v. Recordon & Recordon, 2007 U.S. Dist. LEXIS 11714 at *26 (N.D. Cal. Feb. 6, 2007). The reviewing court also cannot second-guess the weight the arbitrator assigns to conflicting evidence in resolving disputes. Coutee v. Barington Capital Group, L.P., 336 F.3d 1128, 1134 (9th Cir. 2003); Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp., 935 F.2d 1019, 1026 (9th Cir. 1991).

An arbitrator manifestly disregards the law by issuing an order that would violate federal law and "nullify the mandates of Congress." Am. Postal Workers Union AFL-CIO v. U.S. Postal Serv., 682 F.2d 1280, 1283 (9th Cir. 1982) (finding that an arbitrator's decision to reinstate a postal worker who illegally participated in a work stoppage violated federal law that made such an employee ineligible for government employment). More generally, manifest disregard exists when the "governing law alleged to have been ignored by the arbitrators [was] well defined, explicit, and clearly applicable." Bear v. Buehler, 432 F. Supp.2d 1024, 1026 (C.D. Cal. 2000). "The error made by the arbitrator must have been obvious and capable of being perceived readily and

instantly . . . Morever, the term 'disregard' implies that the arbitrator appreciated the existence of the clearly governing principle but decided to ignore it." Id.

## 2. Discussion

SDUHPF argues that the Arbitrator manifestly disregarded the law because: (1) he did not mention Internal Revenue Code § 401(a)[2] in his award; and (2) the award required the pension fund to violate Section 401(a) by paying benefits to respondents despite the fact that they had not severed their active employment. (Pet. to Vacate ¶¶ 18, 24.)

First, the Court finds that the mere fact that the Arbitrator did not mention Section 401(a) does not equate to manifest disregard. The Arbitrator was not required to give facts or reasons justifying his decision. United Steelworkers, 363 U.S. at 597; Stead Motors, 886 F.2d at 1206 (9th Cir. 1989); Brayton Purcell LLP, 2007 U.S. Dist. LEXIS 11714, at *26. This is especially true given that the arguments surrounding Section 401(a) occupy only one paragraph of SDUHPF's twelve-page arbitration brief. (See Pet. to Vacate, Ex. E, at 9:12-27.) Admittedly, section 401(a) compliance lent support to SDUHPF's argument that the Trustee's decision was not arbitrary. Nonetheless, the Arbitrator decided to place more weight on SDUHPF's past practice of granting service pensions without requiring employment severance. (Pet. To Vacate Ex. D.) The Arbitrator could have easily concluded that, since SDUHPF had never shown concern for 401(a) in the past—as evidenced by the twenty-two employees (at least) who received pensions without severance, in violation of Section 401(a)—petitioner's citations to Section 401(a) were unpersuasive. This reliance on past practices was an appropriate way to evaluate whether the Trustees' decision was arbitrary or capricious. See Donovan v. Carlough, 576 F. Supp. 245, 249 (D.D.C. 1983) (in applying the arbitrary and capricious standard, proper considerations include "whether [the trustees' interpretation of the plan] is consistent with prior similar interpretation and whether the participants had notice of the trustees' interpretation"). Because of the extremely limited scope of review, this Court must not second-guess the weight the Arbitrator assigned to Section 401(a) compliance. Coutee, 336 F.3d at 1134.

---

[2] Internal Revenue Code § 401(a) sets forth the requirements for a pension plan to qualify for tax-exempt status. (See Reply, at 8 ("There is simply no doubt that the primary purpose of the Pension Plan is to operate as a tax exempt entity and it is paramount that the Trustees protect that status").)

1  Second, the Court finds that the Arbitrator's award does not violate federal law. Unlike
2  Am. Postal Workers Union AFL-CIO, the award here does not place a party in violation of the
3  law. At most, the award jeopardizes SDUHPF's tax exempt status, a result that does not rise to the
4  level of manifest disregard. Even if affecting SDUHPF's tax status were enough to constitute
5  manifest disregard, this status was already in jeopardy from the numerous other violations that had
6  already occurred. Therefore, the court finds that the arbitrator did not manifestly disregard the
7  law.

**C.     Matters Not Submitted to Arbitration**

**1.     Legal Standard**

As discussed above, the district court may vacate an arbitration award "[w]here the arbitrators exceeded their powers[.]" 9 U.S.C. § 10(a)(4). Interpreting this provision, the Ninth Circuit has held "[w]hen arbitrators rule on a matter not submitted to them . . . the award may be overturned because the arbitrators exceeded the scope of their authority." Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co., 44 F.3d 826, 830 (9th Cir. 1995). The contract authorizing arbitration (Pet. to Vacate, Ex. B) and the submission agreement (id., Ex. A) define the scope of the arbitrator's authority. Schoenduve Corp. v. Lucent Technologies, Inc., 442 F.3d 727, 732 (9th Cir. 2006). The arbitrator's authority extends to issues within the scope of the submission agreement, whether raised explicitly or implicitly. Id. at 733. A reviewing court must give the same deference to the arbitrator's interpretation of the scope of his authority that the court gives to the arbitrator's determination on the merits. Schoenduve Corp., 442 F.3d at 733. Therefore, "'as long as the arbitrator is even arguably . . . acting within the scope of his authority,'" the reviewing court must confirm the award. Sheet Metal Workers Int'l Ass'n, 863 F.2d at 653 (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987)); cf. Rosati v. Bekhor, 167 F. Supp. 2d 1340, 1345 (M.D. Fla. 2001) (broadly construing "matter submitted" in the Federal Arbitration Act to mean the general subject matter submitted for arbitration).

**2.     Discussion**

The pension plan and the submission agreement directed the arbitrator to consider whether the Trustees acted arbitrarily and capriciously. (Pet. to Vacate, Exs. A & B.) In the written award,

1 the arbitrator expressly stated, "[w]hile treated as an appeal of the denial of the Fund's
2 administrators, the matter was not processed and heard as a de novo consideration." (Id., Ex. D.)
3 Despite the arbitrator's disclaimer, SDUHPF nonetheless alleges that the Arbitrator exceeded the
4 bounds of his review by reviewing the Trustees' decision under a less deferential de novo standard
5 instead of the more deferential "arbitrary and capricious" standard. As evidence, SDUHPF argues
6 that the Arbitrator cites few, if any, findings of law or fact; fails to discuss the reasonableness of
7 the Trustees' decision; and improperly considers evidence outside the administrative record. (Pet.
8 To Vacate, at 6:1-38.)

9  As discussed supra, the Arbitrator was under no obligation to justify the decision with facts
10 or case citations. Here, however, the Arbitrator did justify the decision by finding that the
11 Trustees failed to investigate proffered evidence, ignored ambiguities in the rules, and instituted
12 new rules that treated similarly situated employees differently. (Pet. To Vacate Ex. D.) All of
13 these findings bear directly on the question whether the Trustees acted arbitrarily or capriciously.
14 At the very least, these justifications indicate that the arbitrator was "arguably acting within the
15 scope of his authority" by applying the "arbitrary and capricious" standard of review. Sheet Metal
16 Workers Int'l Ass'n, 863 F.2d at 653. Finally, SDUHPF's Reply Brief undermines its argument
17 that the Arbitrator improperly considered evidence regarding twenty-two other employees. (See
18 Reply, at 5:27-6:1 (conceding that allegations regarding these other employees were presented to
19 the Trustees and included in the administrative record).) Therefore, the Court rejects petitioner's
20 argument that the arbitrator exceeded his authority by ruling on matters not submitted to
21 arbitration.

## CONCLUSION

23  For the foregoing reasons, the Court **CONSOLIDATES** the cases, **ENFORCES** the
24 arbitration award, and **DENIES** the petitions to vacate. This Order **CONCLUDES** the litigation in
25 this case. The Clerk **SHALL CLOSE** the file.

26  IT IS SO ORDERED.

27 DATED: August 5, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge